THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 v.
 Jessica P., Phil P., and Raymond B., Defendants,
 of whom Jessica P. and Raymond B. are Appellants.
 
 
 

Appeal from Colleton County
 Robert S. Armstrong, Family Court Judge

Unpublished Opinion No. 2007-UP-197
Submitted May 1, 2007  Filed May 1, 2007 

AFFIRMED

 
 
 
 Robert J. Bonds, of Walterboro, for Appellant Raymond B.
 James G. Longtin, of Walterboro, for Appellant Jessica P.
 Mark S. Moore, of Walterboro, for Respondent.
 
 
 

PER CURIAM:  This appeal arises from the termination of the parental rights of Raymond B. and Jessica P. to their minor children.  The family court terminated Raymond Bs rights to his son on two grounds: (1) willful failure to provide support and (2) the child has been in DSS custody for fifteen of the most recent twenty-two months.  Moreover, the family court terminated Jessica Ps rights to her minor children on the ground that they had been in DSS custody for fifteen of the most recent twenty-two months.  Further, the court found termination was in the best interest of the children.  See S.C. Code Ann. § 20-7-1572 (Supp. 2006).
After a thorough review of the record pursuant to Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987), we affirm the family courts ruling terminating Jessica Ps and Raymond Bs parental rights on the grounds the child has been in DSS custody for fifteen of the most recent twenty-two months  and grant counsels petition to be relieved.[1]  See Charleston County Dept. of Social Services v. Jackson, 368 S.C. 87, 101, 627 S.E.2d 765, 773 (Ct. App. 2006) (noting that a child being in DSS custody for fifteen of the last twenty-two months alone is sufficient to support a termination of parental rights when in the best interest of the children).
AFFIRMED.[2]
STILWELL, SHORT and WILLIAMS, JJ., concur.

[1] Because we affirm the family court on this ground for termination, we need not address the issue of whether Raymond B. willfully failed to provide support.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.